**Yasin HORY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 01A04–1011–IF–717.**

Court of Appeals of Indiana.

Sept. 13, 2011.

Evelyn Lecia Keaton, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Yasin Hory ("Hory") appeals from his conviction after a bench trial of illegal parking [1] as a Class C infraction. Hory presents the following issue for our review: whether an operator of semi-tractor and trailer may be fined for failing to obey Indiana traffic safety laws.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 27, 2010 at approximately 8:25 a.m., Decatur Police Officer James Franze ("Officer Franze") was traveling on United States Route 27 when he observed a "semi with a trailer" parked in the middle turn lane between the north and southbound lanes. *Appellant's App.* at 14. Officer Franze later described the vehicle as "an eighteen wheeler." *Id.* at 20. Officer Franze parked his own police cruiser and approached the semi-tractor and trailer.

---

1. *See* Ind.Code § 9–21–16–1.

The vehicle was not running, did not display any lights, and no driver was present.

Officer Franze returned to his cruiser and watched the vehicle. There were a number of parking places for a vehicle of that size in nearby parking lots and in a vacant lot. After approximately ten minutes had elapsed, Officer Franze saw a man, later identified as Hory, exit a McDonald's restaurant holding a bag and a cup of coffee. When Officer Franze approached the vehicle, Hory identified himself by his driver's license. Hory was cited for illegal parking.

On June 7, 2010, the State filed a complaint against Hory alleging that he had parked illegally. That citation was later amended to reflect that Hory had illegally parked on a highway as a Class C infraction. At the conclusion of Hory's bench trial, he was found to have illegally parked on the highway and was assessed a fine of $35.00 and court costs of $150.00. Hory now appeals.

## DISCUSSION AND DECISION

Hory appeals, arguing that the trial court erred by holding that truck operators may be fined for failing to obey Indiana safety laws. In particular, he claims that he was a trucker engaged in interstate commerce and that, as such, he should have been convicted under Indiana Code section 8–2.1–24–18, a statute that incorporates federal motor safety regulations that pre-empt state law.

■ There are three variations of the federal preemption doctrine: (1) express preemption, which occurs when a federal statute expressly defines the scope of its preemptive effect; (2) field preemption, which occurs when a pervasive scheme of federal regulations makes it reasonable to infer that Congress intended exclusive federal regulation of the area; and (3) conflict preemption, which occurs when it is either impossible to comply with both federal and state or local law, or where state law stands as an obstacle to the accomplishment and execution of federal purposes and objectives. *Florian v. Gatx Rail Corp.*, 930 N.E.2d 1190, 1196 (Ind.Ct.App. 2010).

■ In *City of Columbus v. Ours Garage and Wrecker Service, Inc.*, 536 U.S. 424, 428, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002), the United States Supreme Court held that while the language in 49 U.S.C. § 14501(c)(1) preempts provisions by "a State [or] political subdivision of a State ... related to a price, route, or service of any motor carrier ... with respect to the transportation of property[,]" an exception to the general rule exists and provides that the "preemption directive 'shall not restrict the safety regulatory authority of a State with respect to motor vehicles.'" § 14501(c)(2)(A). The Supreme Court went on to note that "[w]hen considering pre-emption, 'we start with the assumption that the historic police power of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Columbus*, 536 U.S. at 432, 122 S.Ct. 2226 (quoting *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 605, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947))). Thus, we conclude that Hory has failed to establish an express or implied pre-emption of local traffic safety laws by federal motor safety regulations. The trial court did not err by holding that Hory, as the operator of a semi-tractor and trailer, may be fined for failing to obey Indiana traffic safety laws.

Furthermore, Hory does not challenge the sufficiency of the evidence establishing that he violated Indiana Code section 9–

21–16–1. Therefore, we conclude that his conviction must be affirmed.

Affirmed.

BAKER, J., and BROWN, J., concur.